# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA C. ENTO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 1608 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| CHICAGO TRANSIT AUTHORITY and | ) | |
| AMALGAMATED TRANSIT UNION, | ) | |
| LOCAL 241, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Vanessa Ento filed a pro se complaint against her former employer, the Chicago Transit Authority ("CTA"), and her union, Amalgamated Transit Union Local 241 (the "Union"), alleging unlawful termination, retaliation, and a failure to accommodate her disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and discrimination on the basis of race, color, or national origin, in violation of 28 U.S.C. § 1983. Both the CTA and the Union have filed motions to dismiss. For the reasons stated below, the CTA's motion is granted in part and denied in part, and the Union's motion is granted.

## I. Facts

The court assumes the truth of Ento's factual allegations in the complaint. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). Ento suffers from two medical conditions affecting her spine known as spinal stenosis and Spondylolisthesis. Around April 7, 2008, she began working for the CTA as a bus operator. Because of her spinal conditions, Ento was required to take time off from work. Ento alleges that, while she was away from work, the CTA canceled her health benefits. When she returned, she requested to be given a light duty assignment because of her disability, but the CTA refused that request.

On November 13, 2012, Ento filed two charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the CTA and the Union. Her charge against the CTA alleged discrimination based on disability. The charge claimed that the CTA was aware of Ento's disability, denied her a reasonable accommodation for that disability, and gave her a "discharge date." The charge against the Union alleged discrimination based on disability and retaliation, claiming that the Union failed to appropriately represent her. Ento received a right-to-sue letter on November 30, 2012, and filed suit in this court on March 5, 2013.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss should be granted if the plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). As Ento is pro se, the court construes her allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. ANALYSIS

### A. The CTA's Motion to Dismiss

#### 1. <u>Scope of the EEOC Charge</u>

The CTA argues that Ento's termination claim must be dismissed because it is beyond the scope of the EEOC charge. Ento's EEOC charge alleged only that she had been given a "discharge date," not that she was terminated. The complaint seeks relief based on the fact that, after she filed her EEOC charge, Ento was terminated. Therefore, the CTA argues, Ento's termination claim is outside the scope of the EEOC charge.

As a general matter, it is true that a plaintiff cannot bring a claim that is outside the scope of the EEOC charge. *See Cheek v. Peabody Coal Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This rule serves two purposes. First, it permits the EEOC to investigate claims so that there will be an opportunity, before the plaintiff files suit, "to settle the dispute through conference, conciliation, and persuasion." *Id.* Second, it gives the employer notice of the kind of conduct being charged. *Id.* Nevertheless, this scope requirement is not jurisdictional; it is a condition precedent and subject to equitable considerations. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

To determine whether a complaint is within the scope of the EEOC charge, a court must determine whether the complaint is "'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Cheek*, 31 F.3d at 500 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). This test is satisfied if there is a "reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* at 501. While a plaintiff must specifically describe the

offending conduct to the EEOC, courts do not impose strict technical standard on EEOC charges filed by non-lawyers. *Id.* at 502.

In *Freeman v. Chicago Park District*, 1997 WL 371098 (N.D. Ill. June 27, 1997), the plaintiff, an African-American employee of the Chicago Park District, filed an EEOC charge of race discrimination under Title VII. *Id.* at *1. The plaintiff's charge alleged that her employer discriminated against her and that "a request for [her] discharge was filed by [her] immediate supervisor." *Id.* The plaintiff received a right-to-sue letter from the EEOC, filed suit in federal court, and then subsequently was terminated from her job. *Id.* at *3. The defendant moved for summary judgment, arguing that plaintiff improperly based her unlawful discharge claim on an EEOC charge that pre-dated the termination. *Id.* at *3. The court rejected this argument, noting that, although plaintiff's EEOC charge pre-dated her discharge date by nearly six months, her claim was still "'like or reasonably' related to the EEOC charge. . . ." *Id.* at *4. The court noted that it was "reasonable to conclude that the discriminatory discharge claim would grow out of an EEOC investigation of Freeman's discrimination charges." *Id.* at *4.

Similarly, in *Cerns v. Village of Orland Park*, 1999 WL 756155 (N.D. Ill. Sept. 13, 1999), the plaintiff filed an EEOC charge alleging that her employer failed to accommodate her disability and that her employer gave her the choice of working without accommodation or being taken off the payroll. *Id.* at *4. The plaintiff received her right-to-sue letter from the EEOC on September 15, 1998, but was not terminated until November 6, 1998. *Id.* at *3. Notwithstanding the fact that the right-to-sue letter preceded the plaintiff's termination, the court found that the plaintiff's complaint alleging unlawful termination was reasonably related to the allegations in her EEOC charge and denied the defendants' motion to dismiss. *Id.* at *4.

Here, Ento's EEOC charge alleged that she had been given a discharge date. As in *Freeman* and *Cerns*, the court finds that this allegation is reasonably related to her termination claim. By filing an EEOC charge that she had been given a discharge date, Ento provided the EEOC and the CTA with an opportunity to settle this dispute before she initiated litigation. She also gave the CTA adequate notice of the kind of conduct that was being charged. Accordingly, the motion to dismiss on this ground is denied.

The CTA's reliance on *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003) is misplaced. In *Martinez,* the plaintiff filed a complaint in November 2000 alleging unlawful retaliation, as to which he had filed an EEOC charge in May 1999. *Id.* at 1210. In May 2002, in his response to a motion for summary judgment, the plaintiff sought to add a claim of unlawful termination arising out of his April 2001 discharge. *Id.* Finding that the retaliation that occurred in 1999 and the termination that occurred in 2002 were "discrete and independent actions," the court held that the termination claim was outside the scope of the EEOC charge alleging retaliation. *Id.* at 1211 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Here, by contrast, the act of giving Ento a discharge date was not "discrete and independent" from her termination—it immediately preceded her termination. Accordingly, *Martinez* is inapplicable.

**2. Time Bar**

The CTA argues that, to the extent Ento's discrimination claim is based on her allegation that the CTA canceled her health insurance benefits, the claim must be dismissed as untimely. A plaintiff bringing a discrimination claim must file a charge with the EEOC within 300 days of the alleged discriminatory act, and failure to do so renders the charge untimely. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). Here, Ento alleges that the CTA

discriminated against her when it canceled her health insurance benefits on November 29, 2011. But Ento did not file her EEOC charge until November 13, 2012—350 days after the alleged discriminatory act. Thus, Ento's discrimination claim is dismissed insofar as it is based on the alleged severance of her health insurance benefits. Ento has not alleged any other cause of action arising out of the termination of her health insurance benefits to which the 300-day time limitation might not apply.

### 3. Whether Ento Alleges Facts That Defeat Her Cause of Action

To establish a failure to accommodate claim, a plaintiff must show that (1) she is disabled; (2) she is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) the employer failed to make a reasonable accommodation. *Winsley v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009). The CTA argues that Ento's ADA claim should be dismissed because she has alleged facts that defeat her failure to accommodate claim. Specifically, the CTA argues that, because Ento has alleged that her disability affects her ability to sit, stand, and walk, she is not qualified to perform any job at the CTA.

At this stage, however, Ento need not *demonstrate* that her allegations are true; she need only provide "sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and include allegations that "plausibly suggest that the plaintiff has a right to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)) (internal citations and quotations omitted). Here, Ento has alleged that, when she returned to work at the CTA, she requested a light duty assignment, but the CTA denied that request. Construing Ento's allegations liberally, and drawing all inferences in her favor, the court concludes that she has provided sufficient detail to give the CTA fair notice of her claim and that she has stated a plausible right to relief. Ento's

allegation that her disability "affects" her ability to sit, stand, and walk does not defeat her claim, as she has not alleged that she is completely unable to perform those tasks. The court denies the CTA's motion to dismiss on this ground.

**B. The Union's Motion to Dismiss**

    **1. <u>Retaliation Claim</u>**

Ento claims that the Union unlawfully retaliated against her. The ADA provides a cause of action for retaliation against a labor union for instances in which the union discriminates against a member for the member's opposition to a practice made unlawful by the ADA, or because the member exercised her rights under the ADA. *See* 42 U.S.C. § 12203(a); 29 C.F.R. § 1630.12(a). To state a retaliation claim, a plaintiff must allege that (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there is a causal link between the protected activity and the adverse action. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 690 (7th Cir. 2010). The Union argues that Ento fails to allege that the Union retaliated against her because of any protected activity. Indeed, Ento states in her complaint that the basis for the Union's alleged retaliation was her prior successful campaign at a different bus company to "bring another union in to represent [her] members/garage and dismiss Local Union 241 . . . ." (Compl. 6., ECF No. 1.) Because Ento alleges that this was the reason for the Union's retaliation, and not because Ento engaged in any protected activity, the court agrees with the Union that Ento's retaliation claim must be dismissed without prejudice.

    **2. <u>Discrimination Claim</u>**

Ento does not state in her complaint that she is asserting a discrimination claim against the Union. The Union's motion to dismiss, therefore, addressed only the retaliation claim. In her response to the Union's motion to dismiss, however, Ento states that she also intended to

bring a discrimination claim against the Union. She states that the Union knew of her disability, that it did not protect her, and that it treated her differently because it knew she was disabled. Thus, she claims, the Union discriminated against her in violation of the ADA.

Because these allegations of discrimination were not part of her complaint, Ento cannot bring a discrimination claim that is based on them. Although, in deciding a motion to dismiss, the court may consider additional *facts* alleged in a response brief, *see Help At Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001), a plaintiff may not raise entirely new claims. *See Smith v. LexisNexis*, No. 12 C 8872, 2013 WL 2251771, at *3 (N.D. Ill. May 22, 2013) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011)). The allegations in Ento's complaint against the Union relate solely to the Union's alleged retaliation against her. Even construed liberally, the complaint includes no allegations to support a claim of discrimination as to the Union. Accordingly, Ento's discrimination claim against the Union is dismissed without prejudice.[1]

### IV. CONCLUSION

The CTA's motion to dismiss is granted in part and denied in part. Plaintiff may proceed on her discrimination claims against the CTA, except insofar as those claims are based on the cancellation of her health insurance benefits. Plaintiff's claims against the Union are dismissed without prejudice. Plaintiff may file an amended complaint that addresses the pleading deficiencies outlined in this opinion. Plaintiff may also move again for appointment of counsel. The parties are to appear for a status hearing on March 28, 2014, at 9:30 a.m.

---

[1] In her response to the CTA's motion to dismiss, Ento states that she is not alleging § 1983 claims against either defendant, so those claims are dismissed.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 6, 2014